IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ULICES W. HOPKINS, SR.,                                                                    PLAINTIFF


v.                                    Case No. 4:07-cv-4047


MICHAEL J. ASTRUE, Commissioner                                           DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Ulices Hopkins Sr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI), under the provisions of Titles II and XVI of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Procedural Background:

Plaintiff protectively filed for SSI and DIB on April 22, 2004 alleging disability due to a disorder of the back. (Tr. 40-42, 410-413). Plaintiff's applications were denied initially and on reconsideration. (Tr. 27-34, 36-38, 413-417). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on November 29, 2005. Plaintiff, represented by attorney Greg Giles,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

appeared and testified at the hearing. (Tr. 412-434). On March 27, 2006, the ALJ issued an unfavorable decision. (Tr. 12-18). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 4-6).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

2

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims substantial evidence does not support the ALJ's decision; the ALJ erred by concluding the Plaintiff had the RFC to perform the demands of medium work; and the ALJ erred by failing to obtain testimony from a vocational expert (VE). The Defendant argues substantial evidence supports the

decision of the ALJ and his finding that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; the ALJ properly determined Plaintiff's RFC; and the ALJ did not err by failing to obtain testimony from a VE.

### A. Listing of Impairments

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found, Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included back pain and diabetes. (Tr. 14). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff attempts to show he has a listed impairment and sets forth sixteen (16) diagnoses that appear throughout the record. (Doc. No. 7 pg. 4-5). However, Plaintiff fails to show his impairments meet or equal any specific listing. A diagnosis is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

I find substantial evidence supports the ALJ's determination Plaintiff did not have an

impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

### B. Residual Functional Capacity

Plaintiff argues he does not have the RFC for medium work and there is no substantial evidence to support such a finding by the ALJ. Defendant argues the ALJ's determination that Plaintiff has the RFC for medium work is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). The ALJ also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security

hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden, and not the Commissioner's burden, to prove functional capacity. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). The ALJ found Plaintiff had the RFC for the full range of medium work. (Tr. 17).

In determining the Plaintiff's RFC, the ALJ considered Plaintiff's entire medical record. (Tr. 15-16). On February 6, 2002, Plaintiff's treating physician, Dr. Joel T. Patterson, diagnosed Plaintiff with cervical spondylosis along with some radicular symptoms. (Tr. 240). On January 27, 2003, Dr. Patterson performed a C4-5 anterior cervical discectomy and fusion. (Tr. 161-162). Plaintiff returned to see to Dr. Patterson on February 3, 2003. (Tr. 238). At that time, Plaintiff had no neck or shoulder pain. (Tr. 238). Plaintiff was again seen by Dr. Patterson on March 17, 2003 at which time Plaintiff had no right shoulder pain, and his flexion and extension films showed a good fusion construct. Plaintiff was told to return in two months. (Tr. 238). On June 11, 2003, Dr. Patterson's exam showed Plaintiff's right upper extremity had improved and there were no new deficits. During this same exam, Dr. Patterson stated Plaintiff could return to work according to his functional capacity limits. (Tr. 238). There is no report of Plaintiff seeing Dr. Patterson after this last exam date, nor is there any medical record of treatment for these conditions after this date.

Plaintiff was seen on July 7, 2004, by Dr. Roshan Sharma, for a consultative exam. (Tr. 249-251). Dr. Sharma indicated Plaintiff had moderate restrictions in his ability to carry, lift, push, pull,

and working above chest level. (Tr. 251). Dr. Sharma also indicated doubts about Plaintiff's ability to crouch and crawl. (Tr. 251). Dr. Sharma found no restrictions in Plaintiff's ability to sit, stand, bend or stoop. (Tr. 251). Dr Sharma also found Plaintiff had full range of motion in his upper and lower extremities. (Tr. 250).

On November 3, 2004, Plaintiff was seen by Dr. Bruce Safman. (Tr. 262). Dr. Safman is an orthopaedic specialist. According to Dr. Safman's report, Plaintiff had no tenderness to palpation at the cervical spine or upper trapezius muscles; his range of motion of the cervical spine produced minimal discomfort; there was no guarding or muscle spasm; and Plaintiff's strength and sensation as well as his reflexes in his upper extremities were all within normal limits. (Tr. 262). Dr. Safman also indicated Plaintiff had no impingement on his C5 nerve roots. (Tr. 262). Finally, Dr. Safman stated Plaintiff's examination was relatively benign, was within normal limits, and he did not see enough on examination to place any restrictions on Plaintiff. (Tr. 262).

Plaintiff argues that the ALJ failed to give sufficient weight to the opinion of Dr. Roshan Sharma and this opinion precludes a finding by the ALJ that Plaintiff has the RFC for the full range of medium work. (Doc. No. 7 pg. 7-9). In discrediting the findings of Dr. Sharma, the ALJ noted Dr. Sharma's findings were inconsistent with the opinions of Drs. Patterson and Safman. The results of a one-time evaluation do not constitute substantial evidence, especially when the consultative physician is the only examining doctor to contradict the treating physician. *See Cox v. Barnhart*, 345 F.3d 606, 610 (8th Cir. 2003). Therefore, the ALJ's treatment of Dr. Sharma's opinion was proper. Further, Dr. Patterson was the Plaintiff's treating physician, and Dr. Safman is a specialist in orthopedics. Treating source's opinions, and those of specialists, are entitled to controlling weight. *See Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003), *Hensley v. Barnhart*, 352 F.3d 353, 356

7

(8th Cir. 2003).

I find substantial evidence supports the ALJ's determination Plaintiff had the RFC for the full range of medium work.

### C.  Vocational Expert Testimony

At Step 4 of the sequential analysis, the ALJ must decide whether the claimant has the RFC to perform his or her past relevant work.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998).  In this matter, the ALJ determined Plaintiff did not have the RFC to perform his past relevant work as a truck driver.  (Tr. 17).  Having made such a determination, the burden shifts to the Commissioner to show there are other jobs in the national economy the Plaintiff can perform.  *See Cox,* 160 F.3d at 1206.

Plaintiff argues due to the existence of nonexertional limitations, the ALJ was required to obtain the testimony of a VE in order to determine if there were jobs existing in significant numbers in the national economy which Plaintiff could perform.  A nonexertional impairment is a limitation or restriction that only affects the claimant's ability to meet the demands of jobs other than the strength demands, including postural functions such as reaching, handling, stooping, climbing, crawling, and crouching.  *See* 20 C.F.R. §§ 404.1569a(a); 416.969a(a).  Plaintiff contends he had significant nonexertional limitations which affected his ability to sit, stand and walk.

An ALJ may use the Medical-Vocational Guidelines (Guidelines) to find that a claimant is not disabled if the claimant does not have nonexertional impairments, or if the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed.  *See Holz v. Apfel,* 191 F.3d 945, 947 (8th Cir. 1999).  The ALJ used the

Guidelines in this matter in finding Plaintiff was not disabled. (Tr. 17).

The only evidence which suggests Plaintiff has nonexertional limitations is the report and opinions of Dr. Sharma who performed the consultative exam of Plaintiff on July 7, 2004. (Tr. 249-251). As was previously discussed, this report is not substantial evidence of such a limitation and was properly discredited by the ALJ.

Furthermore, although not raised by the Plaintiff, in assessing the credibility of a claimant, the ALJ properly examined and applied the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). In his analysis, the ALJ found Plaintiff's subjective complaints of pain were not entirely credible. (Tr. 16).

A claimant is entitled to have a VE testify unless the ALJ properly discredits the claimant's complaint of a nonexertional limitation. *See Reynolds v. Chater*, 82 F. 3d 254, 258-259 (8th Cir. 1996). In this case, the reliable medical assessments of record fully support the ALJ's RFC determination. Further, having properly discredited Plaintiff's subjective complaints, the ALJ was permitted to employ the Guidelines in finding the Plaintiff not disabled. *See Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003).

**4. Conclusion:**

The Court has reviewed all of the relevant records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of April 2008.**

                                                  /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE